ELDER *v.* COLORADO *ex rel.* BADGLEY.

ERROR TO THE SUPREME COURT OF THE STATE OF COLORADO.

No. 132.   Argued December 11, 1906.—Decided January 7, 1907.

A mere contest over a state office dependent for its solution exclusively upon the application of the constitution of the State or upon a mere construction of a provision of a state law, involves no Federal question. *Taylor* v. *Beckham,* 178 U. S. 548.

The fact that a state court has considered a Federal question may serve to elucidate whether a Federal issue properly arises, but that doctrine has no application where the controversy is inherently not Federal and is incapable of presenting a Federal question.

Writ of error to review 86 Pac. Rep. 250 dismissed.

THIS was a proceeding, in the nature of *quo warranto,* brought in a district (state) court of Colorado, to test, as between conflicting claimants (Charles W. Badgley and Charles S. Elder), the title to the office of county treasurer of the city and county of Denver.   The relator (Badgley) relied upon a general election held pursuant to the general statutes of Colorado on November 8, 1904, while the defendant (Elder) claimed to be the legal incumbent of the office by virtue of his election to the office of treasurer of the city and county of Denver in May, 1904, under authority of the charter of said city and county of Denver.   The question presented for decision was whether the election held in May, 1904, under the charter, of officers to per-

form the duties required of county officers in the city and county of Denver, was lawful, or whether such officers should have been voted for under the general statutes of the State at the election held in November, 1904. A determination of this question made necessary a consideration of certain provisions of article XX of the state constitution, providing for the creation, from the old county of Arapahoe and the old city of Denver and other municipalities, of a new entity to be known as the city and county of Denver, and conferring authority to provide in the charter for the appointment or election of officers of such city and county. In particular, a construction was required of a clause providing that "every charter shall designate the officers who shall, respectively, perform the acts and duties required of county officers to be done by the constitution or the general law, as far as applicable." The District Court sustained a demurrer to the complaint and entered judgment for the defendant. This judgment was reversed by the Supreme Court of the State, upon the authority of *People ex rel. etc.* v. *Johnson,* 86 Pac. Rep. 233, and judgment was entered in that court in favor of the relator, 86 Pac. Rep. 250, deciding in effect that the charter provision under which defendant claimed was repugnant to the constitution of Colorado. The case was then brought here.

*Mr. Robert H. Elder* and *Mr. Charles R. Brock,* with whom *Mr. Milton Smith* was on the brief, for plaintiff in error:

This court has jurisdiction of this issue. The theory of jurisdiction is as follows: The people of Colorado, in amending their constitution, exercised an authority under the United States; in this case, the validity of that authority exercised was actually drawn in question; it was decisive of the issue and there was no other matter adjudged by the court below broad enough to sustain the judgment; the decision below was against the validity of that authority exercised; the question here is not for the political departments of the Federal government but for this court.

The judgment below was flagrantly erroneous. Article XX of the state constitution and particularly § 2 thereof, authorized the city and county of Denver in its charter to create the office of treasurer, and to impose upon the incumbent thereof the obligation of performing the acts and duties required of a county treasurer to be performed under the constitution and general laws of the State; and in the exercise of such authority, the guarantee of a republican form of government by the constitution of the United States has been in no wise disturbed or violated.

*Mr. Henry J. Hersey* for defendant in error.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The assignments of error are twenty-one in number. All of them rest upon the assumption that the Supreme Court of Colorado held that article XX of the state constitution, particularly sections 2 and 3, were repugnant to the provision of the Constitution of the United States guaranteeing to every State a republican form of government and to the act of Congress known as the Colorado Enabling Act, and that by such ruling rights possessed by the people of the State of Colorado and rights vested in the people of the city and county of Denver were invaded. And upon the assumption that such rulings were made all the Federal questions relied on are based.

On behalf of the defendant in error it is insisted that the Supreme Court of Colorado did not decide any question under the Constitution of the United States, but merely disposed of the case before it upon its construction of the meaning of the provision of the state constitution which was involved and upon the authority of a previous decision rendered by the Colorado court. It is not denied that in the course of the opinion of the Supreme Court of Colorado it was said that if the article of the state constitution in question was susceptible of a contrary

construction to that affixed to it by the court, it would be repugnant to the guarantee of a republican form of government, etc. This, it is said, was mere *obiter*, as the court considered and held the provision valid.

If we were to indulge in the hypothesis that the assumptions upon which the assignments of error rest were sustained by the record, and were besides to assume that at the proper time and in the proper manner it had been asserted that to hold article XX invalid would be repugnant to the Constitution of the United States, the case would yet not be within the purview of section 709, Revised Statutes. Under this section the power to review the judgment of a state court exists only in the following classes of cases: *a.* Where is drawn in question the validity of a treaty or statute of, or an authority exercised under, the United States, and the decision is against their validity; *b.* Where is drawn in question the validity of a statute of, or an authority exercised under, any State, on the ground of their being repugnant to the Constitution, treaties or laws of the United States, and the decision is in favor of their validity; *c.* "Where any title, right, privilege or immunity is claimed under the Constitution, or any treaty or statute of, or commission held or authority exercised under, the United States."

It is plain that the case is not embraced within subdivision *a.* Nor can it be said to be embraced within subdivision *b,* for if we consider that the court below, instead of construing and upholding the constitutional provision in question, actually held it to be invalid because repugnant to the Constitution of the United States, such decision was *against* and not in favor of the validity of the article. Nor is the case embraced within subdivision *c,* for nowhere in the record does it appear that the plaintiff in error, specially or otherwise, set up or claimed in the courts of Colorado any title, right, privilege or immunity under the Constitution of the United States.

Indeed, under the circumstances disclosed, if there had been an assertion of a right, title, privilege or immunity under the Constitution of the United States it would have been so friv-

olous as not to afford a basis of jurisdiction, since it is foreclosed that a mere contest over a state office, dependent for its solution exclusively upon the application of the constitution of a State or upon a mere construction of a provision of a state law, involves no possible Federal question. *Taylor* v. *Beckham,* 178 U. S. 548. Whilst, when a state court has considered a Federal question, that fact may serve to elucidate whether a Federal issue properly arises for consideration by this court, that doctrine has no application to a case where the controversy presented is inherently not Federal, and incapable of presenting a Federal question for decision.

*Writ of error dismissed.*